**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE RAMOS-MENDOZA, | No. 15-73840 |
| Petitioner, | Agency No. A078-013-842 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[**] District Judge.

Petitioner Ramos-Mendoza seeks relief from a Board of Immigration

Appeals ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction over his timely petition, 8 U.S.C. § 1252, and we deny it.

I

Ramos-Mendoza's suspended Nevada sentence of twenty-four to sixty months in prison qualifies as a sentence to a "term of imprisonment of at least 5 years." 8 U.S.C. § 1231(b)(3)(B)(iv). We disregard the suspension of his sentence for purposes of making this calculation. 8 U.S.C. § 1101(a)(48)(B).

We need not address the question of whether the appropriate reference is to state law, *see Shaya v. Holder*, 586 F.3d 401, 406 (6th Cir. 2009), or simply to look to the maximum sentence, *see Nguyen v. INS*, 53 F.3d 310, 311 (10th Cir. 1995), because the result in this case is the same. Because Nevada law characterizes an indeterminate sentence as a sentence "*for the maximum period imposed by the court* subject to termination by parole after service of the minimum term," *Spillers v. State*, 436 P.2d 18, 23 (Nev. 1968) (emphasis added), *overruled in part on other grounds*, *Bean v. State*, 465 P.2d 133 (Nev. 1970), either approach confirms that Ramos-Mendoza's sentence is "at least 5 years," § 1231(b)(3)(B)(iv).

Accordingly, we need not, and do not, decide which approach is required; we only conclude that the BIA did not err in determining that Ramos-Mendoza was

ineligible for withholding of removal because his "aggravated felony" conviction resulted in a sentence of "at least 5 years." § 1231(b)(3)(B)(ii), (iv); *see also Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305–07 (9th Cir. 2015) (noting that an "aggravated felony" conviction resulting in a sentence of "at least 5 years" in prison constitutes a "particularly serious crime," rendering a non-citizen ineligible for withholding of removal).

## II

Substantial evidence supports the BIA's denial of relief under the CAT. *Arbid v. Holder*, 700 F.3d 379, 385–86 (9th Cir. 2012) (standard of review). The record indicates that LGBTQ individuals in Mexico face discrimination at higher rates than those in the United States and that the Mexican government's enforcement of the country's anti-discrimination laws is sometimes inadequate. This evidence, however, does not compel the conclusion that if Ramos-Mendoza is removed to Mexico, he is more likely than not to be tortured "by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1); *see also Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (To reverse, "the evidence must compel a different conclusion from the one reached by the BIA.").

## III

The BIA did not abuse its discretion in affirming the IJ's denials of Ramos-Mendoza's motions for a continuance and a change of venue. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (continuance standard of review); *Baires v. INS*, 856 F.2d 89, 92 (9th Cir. 1988) (change of venue standard of review). Ramos-Mendoza had a year to prepare for his hearing before the IJ. Nonetheless, approximately three weeks before this hearing, he dismissed his old attorney, and acquired a new one. Ramos-Mendoza offers no excuse for this last-minute substitution, which formed the basis for his motion for a continuance. Further, he failed to establish prejudice on the record.

His motion for a change of venue suffered from evidentiary shortcomings, in addition to being last-minute. The evidence Ramos-Mendoza submitted to support his claim that he moved from Reno, Nevada to San Francisco, California was not persuasive. Moreover, even if the BIA abused it discretion by affirming the IJ's denials of these motions, Ramos-Mendoza fails to show any prejudice. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008).

**PETITION DENIED.**